**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THERESA EVANS, ) | CASE NO:    1:14-CV-378 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | VECCHIARELLI |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OPINION AND** |
| Defendant. ) | **ORDER** |
| ) | Doc. No. 18 |

Marcia W. Margolius, counsel for Plaintiff, Theresa Evans ("Plaintiff"), petitions this Court for approval of attorney's fees pursuant to 42 U.S.C. § 406(b)(1) ("§ 406(b)(1)") in the total amount of $4,725.00.  Doc. No. 18.  Defendant, the Commissioner of Social Security ("Commissioner"), does not oppose the petition.  Doc. No. 23.  For the reasons set forth below, the motion for fees is GRANTED.

## I.    BACKGROUND

Plaintiff filed an application for a Period of Disability and Disability Insurance Benefits on March 26, 2010.  Plaintiff also filed an application for Supplemental Social Security Income Benefits on May 21, 2010.  In both applications, she alleged disability as of August 8, 2009.  Plaintiff's applications were denied initially and upon reconsideration.  Plaintiff timely requested an administrative hearing.  An Administrative Law Judge ("ALJ") held a hearing on July 18, 2012.  Plaintiff, represented by counsel, testified on her own behalf at the hearing.  Thomas Heiman testified as a vocational

expert ("VE"). The ALJ issued a decision on August 15, 2012, in which he determined that Plaintiff is not disabled. Plaintiff requested a review of the ALJ's decision by the Appeals Council. When the Appeals Council declined further review on December 23, 2013, the ALJ's decision became the final decision of the Commissioner.

Plaintiff filed an appeal to this Court on February 20, 2014. Plaintiff alleged that the ALJ erred in failing to properly evaluate the opinion evidence, including treating physician opinions. On September 11, 2014, the parties jointly stipulated that the matter be vacated and remanded for further administrative proceedings. On September 12, 2014, this Court vacated the Commissioner's final decision and remanded the case for further administrative proceedings consistent with the parties' stipulation. On remand, the ALJ was to (1) reevaluate Plaintiff's mental impairment in accordance with the special technique described in 20 C.F.R. §§ 404.1520(a) and 416.920(a), (2) give further consideration to all opinions in the record, (3) give further consideration to Plaintiff's residual functional capacity, and (4) if warranted, obtain supplemental VE testimony.[1]

On November 12, 2012, the Commissioner awarded Plaintiff past due benefits. The Commissioner withheld 25% of the awarded benefits, $5,695.75, for possible payment of the contingency fee of Plaintiff's attorney.

Plaintiff's counsel now moves for an award of attorney's fees of $4,725.00[2]

---

[1] Plaintiff did not move for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28U.S.C. § 2412(a), following the remand.

[2] In the closing portion of her brief, Plaintiff's counsel requests a fee of $3,937.50. Multiplying counsel's hourly rate of $300 by 15.75, the number of hours expended on the matter, results in a fee of $4,725.00. The Court

pursuant to § 406(b)(1) and based upon her contingency fee agreement with Plaintiff. Counsel attaches to her motion the following: (1) her time sheet; (2) her resume; (3) an Attorney Fee Notice from the Social Security Administration setting out the fees withheld from Plaintiff's past-due benefits; and (4) a September 21, 2012 contingent fee agreement between Plaintiff and her counsel. Counsel served Plaintiff with a notice of the request for fees on December 10, 2015. Plaintiff has not filed any objections to the request. The Commissioner does not oppose an award or oppose the amount of fees requested.

## II. LAW & ANALYSIS

Section 406(b)(1)(A) provides for the payment of an attorney's contingency fee from an award of benefits:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

*See also* *Horenstein v. Sec'y of Health & Human Servs.,* 35 F.3d 261, 262 (6th Cir. 1994). A court may award attorney's fees only for work performed before it. *Id.* Due deference should be given to the expression of the intentions of client and attorney in setting fees. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A twenty-five percent fee agreement between attorney and client should not be viewed as reasonable *per se*, but such a fee should be accorded a rebuttable presumption of reasonableness.

---

thus treats Plaintiff's request for $3,937.50 as an error.

*Id.* If deductions are to be made in the fee, they should generally be one of two types: (1) deductions occasioned by counsel's improper conduct or ineffectiveness, or (2) deductions to prevent a windfall resulting from either an inordinately large award, or minimal effort expended. *Id.* In any event, "such fees may not . . . be greater than 25 percent of the amount of back benefits accumulated by three months after the case was ready for decision by the district court." *Dearing v. Sec'y of Health & Human Servs.*, 815 F.2d 1082, 1084 (6th Cir. 1987).

Contingent fees may translate into large hourly rates. A large hourly rate in a particular case, however, is not necessarily grounds for finding the rate to be unreasonable:

> In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). A contingent fee that translates into a large hourly rate is *per se* reasonable and not a windfall if the hourly rate resulting from the contingent fee is less than twice the standard rate for such work in the relevant market. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, there is no indication of improper conduct or ineffectiveness of counsel. Nor does the contingent fee requested represent a windfall. Counsel's total requested contingency fee is within the 25% contingency fee permitted by counsel's agreement with her client. Counsel details 15.75 hours of work in the matter before the Court and

would receive $300.00 per hour for her work. The Court takes notice that a hypothetical hourly rate of $300.00 resulting from a contingent fee is within the limit of twice the standard rate for such work in the relevant market and is, therefore, per se reasonable.

### III.　CONCLUSION

For the foregoing reasons, the Court grants the petition for attorney fees in the amount of $4,725.00 for 15.75 hours of work.

**IT IS SO ORDERED**.


Date: January 15, 2016              *s/ Nancy A. Vecchiarelli*
                                    U.S. Magistrate Judge